UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Rhode Island Textile Company<br>　　Plaintiff<br><br>v.<br><br>Nestlé Purina PetCare Company,<br>　　Defendant | CIVIL ACTION NO.<br><br>CA 14 - 84 |

FILED 2014 FEB 12 P 1:52 U.S. DISTRICT COURT DISTRICT OF RHODE ISLAND

## COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

Plaintiff, Rhode Island Textile Company ("RI Textile") by and through undersigned counsel, seeks declaratory relief from the Court stating that RI Textile's "Wag-n-Tails" mark ("WAG-N-TAILS") does not infringe or otherwise violate any valid trademark rights that Nestlé Purina PetCare ("Nestlé") has in the mark(s) "Waggin' Train" ("WAGGIN' TRAIN").

### Parties & Jurisdiction

1.  RI Textile is a corporation with a principal place of business located at 211 Columbus Avenue, Pawtucket, Rhode Island 02861 that also does business under the name Westminster Pet Products, Inc. ("Westminster Pets").

2.  Defendant Nestlé is a corporation with a principal place of business at Checkerboard Square, St. Louis, MO 63164. Upon information and belief, Nestlé regularly solicits and does business with parties located and domiciled in Rhode Island.

3.  A case of actual controversy within this Court's jurisdiction exists between the parties concerning infringement by RI Textile of Nestlé's WAGGIN' TRAIN trademark as set forth below. The Court is authorized to declare the rights of the parties in this case pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202.

4. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act, 15 U.S.C. §1125, arising out of interstate commerce.

5. Venue is proper in this judicial district under 28 U.S.C. §1391 in that Nestlé, upon information and belief, has sold products, which are the subject of this action in this district.

Allegations of Fact

6. Since approximately January of 2003, Nestlé, or a predecessor in interest, has sold pet food and edible pet chews under the name WAGGIN' TRAIN (picture of the pet chews attached as Exhibit A).

7. Nestlé is the current assignee of U.S. Trademark Reg. No. 2,972,824 for the mark WAGGIN' TRAIN in international class 31 for pet food and edible pet chews, among other WAGGIN' TRAIN marks (copy of the '824 trademark attached as Exhibit B).

8. Since approximately July of 2011 RI Textile has sold pet treats under the name WAG-N-TAILS and continues to sell pet treats under this name (picture of the pet treats attached as Exhibit C). RI Textile's packaging always includes the mark WAG-N-TAILS used in conjunction with RI Textile's RUFFIN' IT trademark. As such, customers are not likely to be confused or deceived between RI Textile's WAG-N-TAILS pet treats and Nestlé's WAGGIN' TRAIN edible pet chews.

9. There are numerous marks that include the word "Wag" in connection with pet treats, including U.S. Trademark Reg. 2,583,102 for "WagTails" for animal treats, namely dog cookies, dog biscuits, dog treats, and cat treats (attached as Exhibit D). The use and registration of the mark WagTails predates the first use and registration of Nestlé's WAGGIN' TRAIN mark, and the two marks have been coexisting for approximately 11 years. Given the similarity of

WAG-N-TAILS to WagTails, customers are not likely to be confused or deceived between RI Textile's WAG-N-TAILS pet treats and Nestlé's WAGGIN' TRAIN edible pet chews.

10. As a result of continued use of the mark WAG-N-TAILS, RI Textile had acquired common law rights to the mark.

11. Nestlé (through its attorney) sent a letter on October 3, 2013, alleging that RI Textile (dba Westminster Pets) had infringed Nestlé's WAGGIN' TRAIN trademark rights and engaged in unfair competition by copying the WAGGIN' TRAIN western-themed packaging, and by copying a cartoon dog that appears on a separate dog treats line marketed by Nestlé under the name "Beggin' Strips" (Nestlé October 13, 2013 letter attached as Exhibit E).

12. In an effort to amicably settle the dispute, and without conceding that Nestlé's rights were valid or infringed, RI Textile offered to change its packaging, but not the name WAG-N-TAILS. RI Textile sent (through its attorney) a revised design of the WAG-N-TAILS pet treats ("First Revised Design") to Nestlé on November 15, 2013 where all western themed designs were removed and the cartoon dog was replaced with a photo of a real dog (copy of the RI Textile letter including the First Revised Design attached as Exhibit F). After sending the November 15, 2013 letter RI Textile again revised the design of the WAG-N-TAILS pet treats ("Second Revised Design"), but this design still removes the western themed designs and the cartoon dog, replacing it with a different photo of a real dog (picture of Second Revised Design attached as Exhibit G.)

13. Nestlé (through its attorney) sent a second letter on December 2, 2013 indicating that it had reviewed the First Revised Design, and again alleging that RI Textile had infringed its WAGGIN' TRAIN trademark and demanding that RI Textile change the WAG-N-TAILS name (Nestlé December 2, 2013 letter attached as Exhibit H).

14. A real and actual case or controversy exists regarding Plaintiff's use of the mark WAG-N-TAILS in connection with sale of its pet treats.

### Claim for Relief - Declaratory Judgment of Non-infringement of Trademarks 15 U.S.C. § 1051 et seq.

15. RI Textile hereby incorporates Paragraphs 1 through 14 as if fully set forth herein.

16. An actual controversy exists between the parties, within the meaning of 28 U.S.C. §2201(a), because:

    a. Nestlé has threatened litigation against RI Textile alleging in its October 3, 2013 letter that, "Westminster's actions constitute trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§§114, 1125, and applicable state law. In addition, given the clear nature of the copying, Westminster's conduct will likely be found intentional, which may result in enhanced damages as well as an award of Purina's attorney's fees."; and

    b. After RI Textile redesigned their WAG-N-TAILS packaging Nestlé sent the December 2, 2013 letter demanding that RI Textile change the name of its pet treats stating that, "Because the WAG-N-TAILS mark has been an integral component of your client's attempt to trade off Purina's goodwill, your client must adopt a new name in addition to a new trade dress for its product."

    c. An actual, present and justiciable controversy has arisen between RI Textile and Nestlé concerning RI Textile's right to sell pet treats under their WAG-N-TAILS mark.

    d. RI Textile seeks declaratory judgment from this Court that its WAG-N-TAILS mark does not constitute trademark infringement or unfair competition of Nestlé's WAGGIN' TRAIN trademark.

17. The controversy can be resolved by declaratory judgment under 28 U.S.C. §§2201 and 2202.

WHEREFORE, RI Textile requests that this Court:

A. Order judge and declare pursuant to 28 U.S.C. §2201(a) that RI Textile's (dba Westminster) use of the WAG-N-TAILS mark absent western themed packaging does not constitute trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§114, 1125, and applicable state law, of Nestlé's WAGGIN' TRAIN trademark(s).

B. Grant such other and further relief as is appropriate, including the costs of this action.

**RI TEXTILE demands a trial by jury.**

Rhode Island Textile Company
By its Attorneys,

*/s/ Jodi-Ann McLane*

Jodi-Ann McLane (#6173)
DINGMAN, MCINNES & MCLANE LLP
31 Brownell St.
PO Box 555
Warren, RI 02885
Email: jodi@dmmiplaw.com
Telephone: 401-223-5853
Facsimile: 866-610-0507

Dated: February 11, 2014